UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SACRAMENTO,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL JAMES ALTSTATT,<br><br>Defendant. | No. 2:18-cv-00333-MCE-GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*PROCEDURAL BACKGROUND*

    Defendant Alstatt removed this case from the Sacramento County Superior Court where it pended under case number 34-2015-00184866 on February 12, 2018. ECF No. 1. On March 14, 2018, plaintiff moved to remand the action on the general ground that it was a repetitive removal. ECF No. 3. On April 4, 2018 defendant opposed the motion, ECF No. 6, and on the same day filed a motion to consolidate the case with two other pending matters – 2:17-cv-2029-JAM-DB-PS and 2:18-cv-00150-JAM-AC. ECF No. 7. After the case made its way to the undersigned, an Order was issued on April 27, 2018 that denied the motion to consolidate without prejudice to its resolution before the judge presiding over the lowest numbered case and the vacated the motion to remand pending resolution of the consolidation issue. ECF No. 11.

    Magistrate Judge Allison Claire, who presides over the lowest numbered case plaintiff sought to consolidate, issued an Order on May 21, 2018 that denied the Motion to Consolidate.

See 2:18-cv-00150-JAM-AC at ECF No. 75. In a notice of that ruling filed in this case, see ECF No. 12, Judge Claire briefly summarized other rulings made in the cases between these parties, including a prior recommendation to remand a matter removed by the moving party here in case number 2:17-cv-02029-JAM-DB, ECF No. 10, which recommendation was adopted by the district judge assigned to the case on July 18, 2018, ECF No. 12, resulting in that matter being remanded to the Sacramento County Superior Court.

## *DISCUSSION*

This court will not recount the full factual circumstances of this and the other cases mentioned above other than to note that the issues in *all* of the cases stem from the City's actions that are adequately described in Judge Claire's Order and Findings and Recommendations in case 18-150 and Judge Barnes' order in case 17-2029. Suffice it to say that plaintiff is involved in a contentious property/regulatory dispute with the City of Sacramento.

In essence, although the case before this court is in a slightly different posture than the earlier filed cases and bears a different Superior Court case number than the earlier remanded case, it deals with the same ongoing dispute that has been removed here before, and remanded by District Judge Mendez upon the recommendation of Magistrate Judge Barnes. Thus, this court will treat this removal as successive to the action remanded by judges Barnes and Mendez.

The Ninth Circuit Court of Appeals strictly construes the removal statute and has therefore enunciated the doctrine that federal removal jurisdiction must be rejected if there is any doubt as to the right of removal "in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) *citing* Libhard v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). This "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Id. *quoting* Nishimoto v. Touche Ross & Co., 847 F.2d 1190, 1195 (9th Cir. 1988).

In the removal of 17-2029 at ECF No. 1 defendant Alstatt relied upon 28 U.S.C. sections 1333 as providing a jurisdictional basis, ECF No. 1. At ¶ 14, and 1446(e) and (g). Section 1333 authorizes federal jurisdiction of admiralty matters which defendant contends permits the removal without explaining how a property dispute between himself and the City can be treated as an

2

admiralty matter.  Section 1446 does not provide a basis for removal but rather describes the procedure for removing a case and how it will be postured once venued in the federal court.  In the instant case plaintiff asserts the identical grounds for removal at paragraphs 10 through 12 of his notice.  ECF No. 1 at ¶ 6.

Altstatt, a citizen/resident of California also references an asserted diversity of citizenship between himself and the City of Sacramento.  However, political subdivisions in the State of California are treated as citizens of the State for diversity purposes.  Moor v. Alameda County, 411 U.S. 693 (1973).

Returning to the presumption against removal in general, that presumption leads to remand at any time the court identifies a reason to doubt validity of the stated basis for the exercise of the right to remove.  Gaus v. Miles, supra, 980 F.2d at 566, *citing inter alia* Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 814, 818 (9th Cir. 1995).  Thus, any doubt as to the removability is to be resolved in favor of remanding a case to the state court from which it was removed.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  There are, however, exceptions to the application of the presumption.

In Leon v. Gordon Trucking, Inc., 76 F.Supp.3d 1055, 1062 (C.D.Cal. 2014) the focus was on the fact the specific party that filed a the second, or successive, petition after the action was once remanded is again subject to remand but imposes no penalty if the two removals were effected by two different parties.  Here there is only one defendant (Altstatt) and he has removed this matter on both occasions so this exception does not apply.  Neither is the presumption applied when the second petition is founded upon different ground.  Id. *citing* St. Paul & Co. v. McLean, 108 U.S. 212, 217 (1883).  But here each implicated removal relied upon the exact same grounds.  Thus this exception to the rule does not apply either.

It is clear to this court that there is a great deal of doubt as to the right of removal "in the first instance," which the Ninth Circuit held to support remand in Gaus v. Miles, Inc., supra, 980 F.2d at 566.

////

*CONCLUSION*

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

Defendant's Motion to Remand should be granted and the case be remanded to the Sacramento Superior Court where it still pends.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Eastern District of California Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within ten (10) days after service of the objections. Id. Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: November 6, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE